```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MR. DEON C. STAFFORD, SR.                  :          CIVIL ACTION
                                           :
     v.                                    :
                                           :
DONALD T. VAUGHN (SUPERINTENDENT)          :
MANNY ARROYO (DEPUTY SUPERINTENDENT)       :
DAVID DIGUGLIELMO (DEPUTY SUPERINTENDENT)  :
GEORGE HILTNER (SUPERVISOR MAINTENANCE)    :
MRS. KNAUR (ADMINISTRATION SUPERVISOR)     :
MR. MSCURDY (FIRE INSPECTOR SUPERVISOR)    :          NO. 02-3790
```

M E M O R A N D U M   A N D   O R D E R

Plaintiff, a prisoner at the State Correctional Institution at Graterford (S.C.I. Graterford), seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $150 filing fee. Pub. L. No. 104-134 § 804(a)(3). The Act requires a prisoner seeking to proceed in forma pauperis to submit a certified copy of his inmate trust fund account statement for the 6-month period

---

1. Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

immediately preceding the filing of his complaint so that the Court can determine how the $150 filing fee will be paid. § 804(a)(1). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id. The Court must then "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."[2] § 804(a)(3).

      Plaintiff's inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint shows average monthly deposits of $93.44, average monthly balances of $25.09, and a current balance of $32.40. Based upon this financial information, an initial partial filing fee of $18.68 is assessed. The Superintendent or other appropriate official at S.C.I. Graterford, or at any prison at which plaintiff is or may be incarcerated, will be directed to deduct $18.68 from plaintiff's prison account, and forward that amount to the Clerk of the United States District Court for the Eastern

---

2. After the initial partial filing fee is paid, the plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner [is required to] forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  Pub. L. No. 104-134 § 804(a)(3).

District of Pennsylvania.  Thereafter, each time that the balance in plaintiff's inmate trust account exceeds $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Plaintiff may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  § 804(5).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

We will give plaintiff twenty (20) days from the date of this order to decide whether he wants to proceed with this case.  If by that time, plaintiff decides not to proceed with the case, he need not pay the $150 filing fee.

For the foregoing reasons, this      day of June, 2002, it is hereby ORDERED that:

1.  The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

2.  If plaintiff files with the Court within twenty (20) days from the date of this order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $150 filing fee, this action will be reinstated; and

3. The Clerk shall CLOSE this action statistically.

**BY THE COURT:**

_____

**JAN E. DUBOIS, J.**