```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MR. DEON C. STAFFORD, SR.                       :    CIVIL ACTION
                                                :
    v.                                          :
                                                :
DONALD T. VAUGHN (SUPERINTENDENT)               :
MANNY ARROYO (DEPUTY SUPERINTENDENT)            :
DAVID DIGUGLIELMO (DEPUTY SUPERINTENDENT)       :
GEORGE HILTNER (SUPERVISOR MAINTENANCE)         :
MRS. KNAUR (ADMINISTRATION SUPERVISOR)          :
MR. MSCURDY (FIRE INSPECTOR SUPERVISOR)         :    NO. 02-3790

O R D E R

AND NOW, this            day of July, 2003, IT IS ORDERED that:

    1. Leave to proceed <u>in forma pauperis</u> is GRANTED.

    2. The complaint is to be filed, the summonses are to issue, service of the summons and complaint is to be made upon the defendants by the U.S. Marshals Service in the event that waiver of service is not effected under Fed.R.Civ.P. 4(d)(2). To effect waiver of service the Clerk of Court is specially appointed to serve a written waiver request on the defendants. The Clerk of Court shall also send a copy of the complaint to the attorney representing the correctional institution where the claim is alleged to have arisen. The waiver of service request shall be accompanied by a copy of the complaint and shall inform the defendants of the consequences of compliance and of a failure to comply with the request. The request shall allow the defendants at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver. If a signed waiver is not returned

within the time limit given, the Clerk of Court's office shall transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c)(1), and a copy of this Order is to be directed to all parties.

      3. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting pro se).  Service may be by mail.  Proof that service has been made is provided by a certificate of service. This certificate should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I,    (name)    , do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (date) day of   (month)   , (year).
>
> _____
>               (Signature)"

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it may be disregarded by the Court.

      4. Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and local rules are to be followed.  Plaintiff is specifically

directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this action.

     5. Plaintiff is not required to comply with Section 4:01 of the Civil Justice Expense and Delay Reduction Plan for the United States District Court for the Eastern District of Pennsylvania (the "Plan"), unless directed by further Order of the Court.

     6. Plaintiff is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Plaintiff shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

     7. No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

     8. In the event the summons is returned unexecuted, it is plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with defendant's correct address, so service can be made.

     9. The parties should notify the Clerk's Office when there is an address change.  Failure to do so could result in

court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**