IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON C. STAFFORD | : CIVIL ACTION |
| v. | : |
| DONALD T. VAUGHN (SUPERINTENDENT), MANNY ARROYO (DEPUTY SUPERINTENDENT), DAVID DIGUGLIELMO (DEPUTY SUPERINTENDENT), GEORGE HILTNER (SUPERVISOR MAINTENANCE), MRS. KNAUER (ADMINISTRATION SUPERVISOR), MR. MCSURDY (FIRE INSPECTOR SUPERVISOR) | : <br> : <br> : <br> : <br> : <br> : <br> : NO. 02-3790 |

**ORDER**

AND NOW, this    day of           , 2003, it is ORDERED that the Motion to Dismiss of Commonwealth defendants is GRANTED. Plaintiff's complaint against the Commonwealth defendants is DISMISSED.

BY THE COURT

_____
JAN E. DUBOIS,          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON C. STAFFORD | : CIVIL ACTION |
| v. | : |
| DONALD T. VAUGHN (SUPERINTENDENT), MANNY ARROYO (DEPUTY SUPERINTENDENT), DAVID DIGUGLIELMO (DEPUTY SUPERINTENDENT), GEORGE HILTNER (SUPERVISOR MAINTENANCE), MRS. KNAUER (ADMINISTRATION SUPERVISOR), MR. MCSURDY (FIRE INSPECTOR SUPERVISOR) | : : : : : : : NO. 02-3790 |

## MOTION TO DISMISS OF COMMONWEALTH DEFENDANTS

Commonwealth defendants move this Court to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), incorporate the attached memorandum of law, and state:

1. Plaintiff Deon C. Stafford, inmate DD-4637, is an inmate currently incarcerated at the State Correctional Institution ("SCI") at Graterford.

2. Moving defendants are all Department of Corrections employees at SCI-Graterford: Superintendent Vaughn, Deputy Superintendent Arroyo, Deputy Superintendent DiGuglielmo, Facilities Maintenance Manager Hiltner, Corrections Health Care Administrator Knauer, and Fire Inspector Supervisor McSurdy ("Commonwealth defendants").

3. The *pro se* complaint, pursuant to 42 U.S.C. § 1983, requests compensatory damages and injunctive relief for alleged violations of the inmate's Eighth Amendment rights. It appears that Stafford has implied a state law claim.

4. Safford has failed to exhaust his administrative remedies, with respect to his claims.

5. Stafford's Eighth Amendment rights were not violated due to his fall on the steps or the medical attention he was provided.

6. The complaint shows that the Commonwealth defendants lacked the personal involvement required under section 1983 claims.

7. Without a federal claim, any state law claim should be dismissed for lack of jurisdiction.

8. Safford has failed to state a claim upon which relief may be granted.

WHEREFORE, this Court should grant moving defendants' motion to dismiss as set forth in the proposed order.

                                      D. MICHAEL FISHER
                                      ATTORNEY GENERAL

                           BY: *[signature]*
                                Patrick J. McMonagle
                                Deputy Attorney General
                                Identification No. 83890

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone No. (215) 560-2933
Fax: (215) 560-1031

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON C. STAFFORD | : CIVIL ACTION |
| v. | : |
| DONALD T. VAUGHN (SUPERINTENDENT), MANNY ARROYO (DEPUTY SUPERINTENDENT), DAVID DIGUGLIELMO (DEPUTY SUPERINTENDENT), GEORGE HILTNER (SUPERVISOR MAINTENANCE), MRS. KNAUER (ADMINISTRATION SUPERVISOR), MR. MCSURDY (FIRE INSPECTOR SUPERVISOR) | : : : : : : : NO. 02-3790 |

**BRIEF IN SUPPORT OF COMMONWEALTH DEFENDANTS' MOTION TO DISMISS**

**I. PROCEDURAL HISTORY**

Plaintiff Deon C. Stafford, inmate DD-4637, is an inmate currently incarcerated at the State Correctional Institution ("SCI") at Graterford. Moving defendants are all Department of Corrections employees at SCI-Graterford: Superintendent Vaughn, Deputy Superintendent Arroyo, Deputy Superintendent DiGuglielmo, Facilities Maintenance Manager Hiltner, Corrections Health Care Administrator Knauer, and Fire Inspector Supervisor McSurdy ("Commonwealth defendants").

The *pro se* complaint filed pursuant to 42 U.S.C. § 1983, requests compensatory damages and injunctive relief for alleged violations of the inmate's Eighth Amendment rights. It appears that Stafford is also implying a state law claim.

Commonwealth defendants now move to dismiss Safford's constitutional claims pursuant to Fed.R.Civ.P. 12(b)(6). In support of their motion, they rely upon this memorandum in support of their motion to dismiss.

## II. FACTUAL BACKGROUND INTERPRETED IN PLAINTIFF'S FAVOR

Prior to July 20, 2000, a flight of stairs behind SCI-Graterford's A-Block had been decayed for "some time". Complaint at 5. Superintendent Vaughn, Deputy Superintendent Arroyo, Deputy Superintendent DiGuglielmo, Fire Inspector McSurdy, and Facilities Maintenance Manager Hiltner were aware of this condition either through complaints, work orders or inspection. *Id.* at 4. As a result of the complaints, work orders, and/or inspections, the stairs were welded back together, but the entire staircase should have been replaced. *Id.* at 5.

On July 20, 2000, Safford was walking down this flight of stairs when one of the steps collapsed beneath him. *Id.* at 4. As a result, Safford fell and sustained injuries to his neck and back. *Id.* Although Safford received medical care for his injuries, medical personnel denied his requests to be taken to a hospital outside of the Institution and to have his pain medication increased. *Id.* at p. 3 ¶ b.

Since July 20, 2000, Safford discussed the condition of the stairs with Unit Manager Murphy, Deputy Superintendent Arroyo, Superintendent Vaughn, and Fire Inspector McSurdy. *Id.* at 3. Safford wrote to former Commissioner Horn. *Id.* Safford also filed a grievance — regarding the condition of the stairs and the medical attention he received after his fall. *Id.* The grievance response addressed his complaint about medical care, but did not mention the condition of the stairs. *Id.* With respect to his medical condition, the response indicated that there was no need for medical treatment at a hospital outside of the Institution. *Id.* When Superintendent Vaughn responded to Safford's appeal of the grievance response, he stated that the steps would be fixed. *Id.* Safford appealed to Central Office for final review but, apparently, as of the time he filed the lawsuit, he received no response. *Id.* The Central Office has since

4

responded to Safford's final appeal and the response is attached for ease of reference. The stairs have still not been replaced. *Id.* at 3, 5.

## III.   ARGUMENT

### A.   FED.R.CIV.P. 12(b)(6) STANDARD

A Rule 12(b)(6) motion is the proper method by which the legal sufficiency of a complaint is challenged. *Great West Life Assur. Co. v. Levithan*, 834 F.Supp. 858, 861 (E.D. Pa. 1993). Under Rule 12(b)(6), the Court should accept as true all factual allegations in the complaint, draw from them all reasonable inferences, and view them in the light most favorable to plaintiff. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). Under a Rule 12(b) motion, fair inferences can also be drawn from what a plaintiff does not plead in the complaint. *Angus v. Shiley, Inc.*, 989 F.2d 142, 147 (3d Cir. 1993). The court need not credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). "[C]ourts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. [The Court] draw[s] on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)).

### B.   SAFFORD HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES [1]

---

[1] The grievance documents, including the Central Office's response to Safford's final appeal, which is dated August 31, 2000, are attached for ease of reference as Exhibit A. Pursuant to Fed.R.Civ.P. 10(c), a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896

(continued...)

Plaintiff has failed to exhaust his administrative remedies, for any claim, against Commonwealth defendants, through the Department of Corrections ("DOC") grievance procedure. Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before initiating a lawsuit pursuant to 42 U.S.C. § 1983. Section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See also Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000) (holding inmate action barred by § 1997(e)(a) for failure to exhaust the available administrative remedies: Prisoner's Litigation Reform Act amended § 1997(e)(a) to make exhaustion of all administrative remedies mandatory.) *Id.* at 67. The Consolidated Inmate Review System is a three-part administrative process involving the initial grievance, the intermediate level of appeal (if necessary), and the final appeal to the Central Office (if necessary). *See Booth v. Churner*, 206 F.3d 289, 293 n.2 (outlining the grievance review process).

Safford filed an initial grievance, but the response addressed the medical care he received, not the condition of the stairs. Complaint at 2; see also Exhibit A. He file an intermediate level appeal and, although Superintendent Vaughn's response addressed the condition of the stairs, Safford considered the response inadequate. *Id.* Safford appealed to the Central Office for final review but, apparently, at the time Safford filed this lawsuit, he had not received a response. Complaint at 2. The Central Office has since responded and the response, which is attached for ease of reference, indicates that Safford's final appeal for review was procedurally defective.

---

[1](...continued)
F.2d 808 (3d Cir. 1990). Safford includes detailed information — to a point — about his efforts to grieve his claims.

6

Exhibit A. The Central Office provided him with instructions on how to perfect his appeal in a timely manner. *Id.* Safford did not avail himself of the opportunity to perfect his final appeal and has, therefore, failed to exhaust his administrative remedies. *Nyhuis.*

### C. SAFFORD'S EIGHTH AMENDMENT RIGHTS WERE NOT VIOLATED

Safford claims that, although corrections officials knew that the set of stairs had been decaying, they welded the stairs rather than replacing the entire staircase. Complaint at 5. Safford also contends that, although he received medical care, he would have preferred to have received an increased dose of painkillers and referred to an outside hospital. *Id.* at 3. Because Safford admits that prison officials did attempt to fix the stairs prior to his fall and that medical personnel did provide him with medical care after his fall, he has failed to demonstrate the deliberate indifference necessary to allege an Eighth Amendment claim.

The Eighth Amendment prohibits any punishment which violates civilized standards of humanity and decency. *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997)(citing *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)). To prove a violation of the Eighth Amendment, an inmate must prove that he was seriously deprived of life's necessities, and that a prison official acted with deliberate indifference in subjecting him to that deprivation. *Id.* To succeed on a claim for lack of adequate medical care, " 'a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). The "serious medical need" element is an objective factor. The court determines whether a medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would note the need for medical attention. *Monmouth Cty. Corr. Instit. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.

7

1987), *cert. denied*, 486 U.S. 1006 (1988).

The "deliberate indifference" element is a subjective factor.[2] Safford must show that each defendant disregarded a known or obvious consequence of his action. *See generally, Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (deliberate indifference requires the official to have knowledge of a substantial risk of serious harm, but disregarded that risk by failing to take reasonable measures to abate it"); *Board of Cty. Comm'srs of Bryan Cty. v. Brown*, 117 S.Ct. 1382, 1391 (1997); *see Singletary v. Pa. Dept. of Corrections*, 266 F.3d 186, 193 n. 3 (3d Cir.2001) (stating that the general standard for a Section 1983 deliberate indifference claim is set forth in *Farmer*)); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

A prisoner, however, "has no right to choose a specific form of medical treatment so long as the treatment provided is reasonable." *Iseley v. Dragovich, et al.*, No. CIV.A. 00-4829 (E.D.Pa. April 3, 2003) (citing *Harrison v. Barkley*, 219 F.3d 312, 138 (2d Cir.2000)). Moreover, courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v Bazzetta*, 123 S Ct at 2167; *Bell v. Wolfish*, 441 U.S. 520, 546-548 (1979).

Again, Safford admits that prison officials attempted to fix the stairs. Rather than replace

---

[2] None of Safford's allegations indicate Commonwealth officials' personal involvement in the medical decisions at issue, or acquiescence based upon sufficient medical knowledge for the acquiescence to be knowing. *Cf. Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-94 (3d Cir. 1997). Thus, not only are they not deliberately indifferent, but also, they lack the involvement requisite for liability under § 1983. *See generally, Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 381 (1989); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Hampton v. Holmesburg*, 546 F.2d 1077, 1082 (3d Cir. 1976).

8

the whole staircase, however, prison officials welded the stairs. Evidently, prison officials determined that this was an appropriate means of repairing the stairs, which are used by prison staff and inmates alike. *See Overton.* Complaint at 5. Likewise, Safford admits that he received treatment. He just did not receive the medical treatment of his choosing. *See Iseley.* Complaint at 2. Accordingly, Safford has failed to state an Eighth Amendment claim against any of the Commonwealth defendants.

### D. COMMONWEALTH DEFENDANTS LACK THE PERSONAL INVOLVEMENT REQUIRED UNDER SECTION 1983 CLAIMS.

A plaintiff in a Section 1983 action must allege and prove that an individual defendant personally performed, directed, or knowingly permitted an illegal act. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207, 1208 (3d Cir. 1988). Individuals cannot be held liable for civil rights violations without either direct involvement in or knowledge of and acquiescence in the alleged constitutional violation. *Id.*; *Hodgin v. Roth*, 536 F. Supp. 454, 460 (E.D. Pa. 1982); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Traditional concepts of respondeat superior do not apply to actions brought under Section 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). An "affirmative link" between the injury and each of the defendants' conduct is essential to the showing of causation. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

To sustain a § 1983 claim against any defendant, plaintiff must prove some affirmative conduct on the defendant's part contributed to the constitutional violation. *Id.* This necessary involvement can be shown in one of two ways: "through allegations of personal direction or actual knowledge and acquiescence." *Rode*; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 381 (1989) (defendants must be the "moving force [behind] the constitutional violation"), *Hampton*,

9

546 F.2d at 1082 (3d Cir. 1976). A defendant's conduct must have a close causal connection to plaintiff's injury for liability to attach under 1983. *Martinez v. California*, 444 U.S. 277, 285 (1980).

The allegations Safford raised with respect to Corrections Health Care Administrator Knauer and Superintendent Vaughn involved an alleged failure to respond to or act favorably to his initial grievance and intermediate level grievance appeal, which do not constitute constitutional violations. *See Rauso v. Vaughn*, 2000 WL 873285 (E.D. Pa.) (failure of prison official to act favorably on inmate's grievance is not itself a constitutional violation) (citing *Caldwell v. Hall*, 2000 WL 343229 (E.D. Pa.)); *Flanagan v. Shively*, 783 F.Supp. 922, 931 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir.), *cert. denied*, 510 U.S. 829 (1983). Moreover, Safford does not allege that an Commonwealth defendants had any involvement in the events complained of or ever had any knowledge at any time of plaintiff's claims. *Caldwell*, 2000 WL 343229 at *2; *see also Bey v. Pennsylvania Dept. of Corrections*, 98 F.Supp.2d 650 (E.D. Pa. May 31, 2000) (dismissing plaintiff's claim against prison official because there was no evidence that prison official participated in the incidents giving rise to misconducts). Rather, Safford simply alleges that the stairs were decayed, that prison officials attempted to fix the problem, that he fell anyway, and that he received inadequate medical care for the injuries he sustained. Accordingly, plaintiff failed to state a claim under Section 1983 against Commonwealth, for any claims, because they lack the requisite involvement.

### E. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER ANY STATE LAW CLAIMS

Saffords complaint was brought under 42 U.S.C. § 1983. It does not explicitly assert a state law claim. However, he may be attempting a state law negligence claim because it alleges

10

nothing more than negligence.

This Court does not have subject matter jurisdiction over claims brought only under state law. 28 U.S.C. §§ 1331-1364. The Court can exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as a federal claim. 28 U.S.C. § 1367(a). However, if the Court has dismissed the federal claims, it may decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(c)(3), and must do so unless considerations of judicial economy, convenience, and fairness to the parties provide affirmative justification for hearing them. *Hedges v. Musco*, 204 F.3d 109, 122, 123 (3d Cir.2000). Without a federal claim and at this early stage, judicial economy dictates that this Court dismiss the state law claim, if any. *Id.*

## IV. CONCLUSION

Safford has failed to allege constitutional violations against Commonwealth defendants and this Court lacks jurisdiction over his state law claim, if any. For the foregoing reasons, this Court should dismiss all claims against the defendants, as specified in the proposed order.

D. MICHAEL FISHER
ATTORNEY GENERAL

BY: *Patrick J. McMonagle*
Patrick J. McMonagle
Deputy Attorney General
Identification No. 83890

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone No. (215) 560-2933
Fax: (215) 560-1031

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEON C. STAFFORD | : | CIVIL ACTION |
| v. | : | |
| DONALD T. VAUGHN (SUPERINTENDENT), MANNY ARROYO (DEPUTY SUPERINTENDENT), DAVID DIGUGLIELMO (DEPUTY SUPERINTENDENT), GEORGE HILTNER (SUPERVISOR MAINTENANCE), MRS. KNAUER (ADMINISTRATION SUPERVISOR), MR. MCSURDY (FIRE INSPECTOR SUPERVISOR) | : | NO. 02-3790 |

## CERTIFICATE OF SERVICE

I, Patrick J. McMonagle, hereby certify a true and correct copy of the Motion to Dismiss of the Commonwealth defendants was served on September 8, 2003 by first class mail, postage prepaid, to:

Deon Stafford, DD-4637
State Correctional Institution at Graterford
P.O. Box 244
Graterford, PA 19426

D. MICHAEL FISHER
ATTORNEY GENERAL

BY: *Patrick J. McMonagle*
Patrick J. McMonagle
Deputy Attorney General
Identification No. 83890

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone No. (215) 560-2933

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section