IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEON C. STAFFORD, MR. SR** : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| **DONALD T. VAUGHN** : | NO. 02-3790 |
| **(SUPERINTENDENT), MANNY ARROYO** : | |
| **(DEPUTY SUPERINTENDENT), DAVID** : | |
| **DIGUGLIELMO (DEPUTY** : | |
| **SUPERINTENDENT), GEORGE** : | |
| **HILTNER (SUPERVISOR** : | |
| **MAINTENANCE), KNAUR, MRS., and** : | |
| **MSCURDY, MR.** : | |
| Defendants. : | |

**O R D E R**

**AND NOW**, this 23rd day of February, 2004, upon consideration of the Motion to Dismiss of the Commonwealth Defendants (Document No. 9, filed September 9, 2003), and plaintiff's *pro se* Memorandum re : Answer to Defendants's Motion to Dismiss (Document No. 10, filed September 23, 2003), the Court concluding that plaintiff's *pro se* Complaint is sufficient to withstand a motion to dismiss, **IT IS ORDERED** that the Motion to Dismiss of Commonwealth Defendants is **DENIED WITHOUT PREJUDICE** to the right of the Commonwealth defendants to address the issues raised in the Motion to Dismiss after completion of relevant discovery by motion for summary judgment and/or a trial.

**IT IS FURTHER ORDERED** that the Commonwealth Defendants shall file and serve an answer to the Complaint within twenty (20) days. One (1) copy of the answer shall be served on the Court (Chambers, Room 12613) when the original is filed.

The decision of the Court is based on the following:

1. The Commonwealth defendants assert four grounds in support of the Motion to Dismiss:

   a. Plaintiff has failed to exhaust administrative remedies.

   b. Plaintiff's Eighth Amendment rights were not violated.

   c. The Commonwealth defendants lack the personal involvement required in a claim under 42 U.S.C. § 1983.

   d. In the event plaintiff's claims under 42 U.S.C. § 1983 are dismissed, the Court lacks subject matter jurisdiction over any state law claims.

The Court will briefly address each of these claims;

2. Plaintiff Has Failed to Exhaust Administrative Remedies.

   a. The Commonwealth defendants allege that plaintiff filed this action before receiving a response from the Central Office, the third and final level of the prisoner grievance system in Pennsylvania and thus did not exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). In support of this position, it is alleged in the Motion to Dismiss that the Central Office found plaintiff's final appeal procedurally defective and provided instructions to plaintiff as to how to perfect his appeal. Such instructions were provided after plaintiff filed his Complaint in this case.

   b. Plaintiff alleges in the Complaint numerous facts relating to the prisoner grievance system. Based on the allegations in the Complaint, without considering any facts that go beyond what is set forth in the Complaint, the Court concludes that plaintiff has alleged sufficient facts to defeat a motion to dismiss with respect to the issue of exhaustion of administrative remedies;

2

3. Plaintiff's Eighth Amendment Rights Were Not Violated

    a. This argument is based on a statement in the Motion to Dismiss that plaintiff admitted that prison officials attempted to address the cause of his injury and treated him with on-site medical care.

    b. Plaintiff states in the Complaint that Medical Supervisor Mrs. Knaur "[r]efused me medical and hospital therapy and care." Pl. Compl. at 4. Plaintiff does not admit in the Complaint that he received any medical care.

    c. This Order is without prejudice to the right of the Commonwealth defendants to argue by motion for summary judgment and/or at trial that the evidence in the case does not demonstrate the deliberate indifference necessary to establish an Eighth Amendment claim for failure to provide medical treatment. See generally, Farmer v. Brennan, 511 U.S. 825, 842 (1994). With respect to applicable law, the Court also notes that a prisoner has "no right to choose a specific form of medical treatment so long as the treatment provided is reasonable." See generally, Farmer v. Brennan, 511 U.S. 825, 842 (1994); and Iseley v. Dragovich, et al., No. CIV.A. 00-4829 (E.D. Pa. April 3, 2003) citing Harrison v. Barkley, 219 F.3d 312, 318 (2d Cir. 2000); and,

4. The Commonwealth Defendants Lack the Personal Involvement Required in a Claim Under 42 U.S.C. § 1983

    a. The Commonwealth defendants argue that none of the defendants directly participated in, acquiesced in, or had knowledge of, the alleged

constitutional violations relating to the condition of the steps on which the accident occurred.

  b. The allegation of paragraph 5 of the Complaint that Medical Supervisor Mrs. Knaur "[r]efused me medical and hospital therapy and care", is sufficient to state a claim. The remaining allegations concerning the other defendants, all of which allegations relate to the condition of the steps, when viewed in the light most favorable to *pro se* plaintiff, are sufficient to withstand a motion to dismiss. In so ruling, the Court notes that the allegations are unclear as to whether any of the defendants charged with a constitutional violation relating to the condition of the steps had prior knowledge of the alleged defect.

  c. Plaintiff, in order to withstand a motion for summary judgment, must offer evidence that each of the individual defendants directly participated in, acquiesced in, or had knowledge of, the alleged constitutional violations relating to the condition of the steps on which the accident occurred.

5. The Court lacks subject matter jurisdiction over any state law claims

  a. The Complaint in this case was filed under 42 U.S.C. § 1983. No state law claims such as a claim for negligence are set forth in the Complaint. Accordingly, there are no state law claims at issue.

  b. The Court can exercise supplemental jurisdiction over state law claims that are a part of the same case or controversy as a federal claim. 28 U.S.C. § 1367(a). In the event state law claims are asserted, and the Court thereafter grants summary judgment on the federal claim, it may decline to exercise

supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) unless consideration of judicial economy, convenience and fairness to the parties provide justification for hearing the state law claims. *Hedges v. Musco*, 204 F.3d 109, 122-123 (3d Cir. 2000).

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**