IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEON C. STAFFORD, MR. SR | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| DONALD T. VAUGHN | : | NO. 02-3790 |
| (SUPERINTENDENT), MANNY ARROYO | : | |
| (DEPUTY SUPERINTENDENT), DAVID | : | |
| DIGUGLIELMO (DEPUTY | : | |
| SUPERINTENDENT), GEORGE | : | |
| HILTNER (SUPERVISOR | : | |
| MAINTENANCE), KNAUR, MRS., and | : | |
| MSCURDY, MR. | : | |
| Defendants. | : | |

## SCHEDULING ORDER

**AND NOW**, this 23rd day of February, 2004, following a Preliminary Pretrial Conference on said date,[1] the Court, by separate Order dated February 23, 2004, having denied defendants' Motion to Dismiss, **IT IS ORDERED** that the case shall proceed on the following schedule:

1. On or before March 15, 2004, defendants shall provide plaintiff with the following documents:

   a. Documents relating to complaints concerning the part of the steps on which the accident of July 20, 2000 occurred for four (4) years prior to the July 20, 2000 accident.

   b. Documents relating to prior accidents involving the part of the steps on which the accident of July 20, 2000 occurred for four (4) years prior to the July 20, 2000 accident.

---

[1] The Conference was conducted by telephone. *Pro se* plaintiff, an inmate at SCI-Graterford, and defense counsel, Patrick J. McMonagle, Esquire, participated. In addition, Ronald Walker, an inmate at SCI-Graterford participated in the Conference as an observer at *pro se* plaintiff's request.

      c. Records of repairs to the part of the steps on which the accident of July 20, 2000 occurred for four (4) years prior to the July 20, 2000 accident;

2. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by June 25, 2004;

3. On or before July 9, 2004, the parties shall exchange copies of all medical records and reports that will be offered in evidence;

4. Any motions for summary judgment shall be filed and served on or before July 23, 2004. Plaintiff's responses to any such motions shall be filed and served on or before August 13, 2004. Two (2) copies of any such motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;

5. On or before October 8, 2004, plaintiff shall prepare and file with the Clerk of Court a Pretrial Memorandum in which he sets forth:

      a. A summary of the facts on which his claims are based.

      b. A statement of the claimed liability of defendants in which the liability of each defendant is individuated.

      c. A list of all witnesses who will be called at trial.

      d. A list of all exhibits which will be offered at trial.

On or before October 22, 2004, defendants shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c).

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

6. The case will be placed on the Court's trial list on October 29, 2004;[2]

7. At least three (3) days before the case appears on the trial list, defendants shall, and *pro se* plaintiff may, but need not, submit to the Court (Chambers, Room 12613) two (2) copies of (A) proposed jury voir dire questions, (B) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (C) proposed jury interrogatories, (D) motions <u>in</u> <u>limine</u>; and, (E) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions,</u> or Sand, <u>Modern Federal Jury Instructions</u> is submitted, defendants shall state whether the proposed jury instruction is unchanged or modified. If defendants modify a model jury instruction the modification shall be set forth in the following manner: additions shall be underlined and deletions shall be placed in brackets;

15. At least three (3) days before the case appears on the trial list, defendants shall, and *pro se* plaintiff may, but need not, submit to the Court (Chambers, Room 12613) a written statement of the case for reading to the jury at the commencement of the trial which shall cover (A) a brief statement of the facts; (B) a brief statement of plaintiff's causes of action <u>and the essential elements of each cause of action</u>; and, (C) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>. The statement of the case shall not exceed two (2) pages in length; and,

---

[2]The case will be tried to a jury. The estimated trial time is four (4) days.

16. At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**