IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEON C. STAFFORD, MR. SR** : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| vs. : | | |
| : | | |
| **DONALD T. VAUGHN** : | | NO. 02-3790 |
| **(SUPERINTENDENT), MANNY ARROYO** : | | |
| **(DEPUTY SUPERINTENDENT), DAVID** : | | |
| **DIGUGLIELMO (DEPUTY** : | | |
| **SUPERINTENDENT), GEORGE** : | | |
| **HILTNER (SUPERVISOR** : | | |
| **MAINTENANCE), KNAUR, MRS., and** : | | |
| **MSCURDY, MR.** : | | |
| Defendants. : | | |

**O R D E R**

**AND NOW**, this 13th day of August, 2004, upon consideration of Defendants' Motion for Summary Judgment and *pro se* plaintiff's letter to the Court dated August 10, 2004, in which he seeks a ruling with respect to his Motion for Discovery and the Court's in-camera review of documents produced by defendants before responding to the Motion for Summary Judgment,[1] **IT IS ORDERED** that the time within which *pro se* plaintiff must respond to Defendants' Motion for Summary Judgment is **EXTENDED** until further order of the Court.

The Court noting from *pro se* plaintiff's letter of August 10, 2004 that, according to plaintiff, the Department of Corrections, or its representatives, took photographs of the steps on which the accident occurred on July 20, 2000, **IT IS FURTHER ORDERED** that copies of any photographs of the steps on which *pro se* plaintiff's accident is alleged to have occurred taken on

---

[1] A copy of *pro se* plaintiff's letter shall be attached to this Order and docketed with this Order by the Clerk of Court.

July 20, 2000, or any other date, shall be provided to *pro se* plaintiff and the Court by defendants within fourteen (14) days of the date hereof.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**