IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEON C. STAFFORD, MR. SR** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **DONALD T. VAUGHN** | : | **NO. 02-3790** |
| **(SUPERINTENDENT), MANNY ARROYO** | : | |
| **(DEPUTY SUPERINTENDENT), DAVID** | : | |
| **DIGUGLIELMO (DEPUTY** | : | |
| **SUPERINTENDENT), GEORGE** | : | |
| **HILTNER (SUPERVISOR** | : | |
| **MAINTENANCE), KNAUER, MRS., and** | : | |
| **MCSURDY, MR.** | : | |
| Defendants. | : | |

## O R D E R

**AND NOW**, this 7th day of June, 2005, upon consideration of *pro se* plaintiff's Motion to Vacate Judgment (Document No. 33, filed May 31, 2005), it appearing from the Motion that *pro se* plaintiff seeks to vacate this Court's Order and Memorandum dated May 17, 2005, in which it granted Commonwealth defendants' Motion for Summary Judgment and entered judgment in favor of defendants and against *pro se* plaintiff, **IT IS ORDERED** that *pro se* plaintiff's Motion to Vacate Judgment is **DENIED**.

The denial of the Motion to Vacate Judgment is based on the following:

1. *Pro se* plaintiff's Motion to Vacate Judgment was filed pursuant to Federal Rule of Civil Procedure 59(e). That Rule provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment;"

2. The Memorandum and Order *pro se* plaintiff seeks to vacate was filed on May 17, 2005. The Motion was dated May 26, 2005, and was postmarked May 27, 2005. Thus, the Court will treat the Motion as timely filed;

   3. Under Federal Rule of Civil Procedure 59(e), a party seeking to alter or amend a judgment must establish one of the following grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Charowsky v. Kurtz, 2001 WL 187337, at *5 (E.D. Pa. Feb. 23, 2001) (citations omitted);

   4. *Pro se* plaintiff fails to meet the standard for altering or amending a judgment under Federal Rule of Civil Procedure 59(e). There has been no change in controlling law, there is no new evidence, and *pro se* plaintiff has failed to provide evidence of any error of law or fact; and,

   5. The Court has reviewed all of the evidence presented in support of and in opposition to the Motion for Summary Judgment and concludes that *pro se* plaintiff failed to raise a genuine issue of material fact. There is no ground for reconsidering the ruling of May 17, 2005.

          **BY THE COURT:**

           **/s/ Honorable Jan E. DuBois**
           **JAN E. DUBOIS, J.**